IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JESSICA LAURIE, | ) | Case No. 4:23-cv-00138-SMR-WPK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DIRECTING RESPONSE |
| v. | ) | |
| | ) | |
| CITY OF DES MOINES, DANA WINGERT, individually and in his official capacity, THOMAS GARCIA, individually and in his official capacity, ZACHARY DUITSCHER, individually and in his official capacity, and LUKE HASTIE, individually and in his official capacity, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jessica Laurie initiated this case in the Iowa District Court for Polk County alleging a variety of constitutional and common law torts arising from her arrest on October 14, 2021. [ECF No. 1]. After the case was removed to this Court, Plaintiff filed an 11-count Amended Complaint on June 6, 2023. [ECF No. 11]. Count VI and Count VII of the Amended Complaint brings claims for violations of the Iowa Constitution, often referred to as *Godfrey* claims, named after the 2017 decision by the Iowa Supreme Court. *Id*. ¶¶ 82–97; *see also Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017) (recognizing a direct cause of action for money damages against government officials under the Iowa Constitution).

On May 5, 2023, a month before Plaintiff filed an Amended Complaint, the Iowa Supreme Court issued its decision in *Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023). In *Burnett*, the court held that there is no longer a "standalone cause of action for money damages under the Iowa Constitution unless authorized by common law, an Iowa statute, or the express terms of a provision

1

of the Iowa Constitution." *Id*. at 307.  Accordingly, claims for constitutional torts such as the ones pled in Count VI and Count VII are no longer viable.  Iowa state courts have repeatedly recognized these claims are unavailable even if the alleged constitutional violation occurred prior to the decision in *Burnett*.  *See, e.g., Venckus v. City of Iowa City*, 990 N.W.2d 800, 812 (Iowa 2023); *White v. Harkrider*, 990 N.W.2d 647, 652 (Iowa 2023); *Richardson v. Johnson*, No. 22-1727, 2023 WL 4036138, at *1 (Iowa June 16, 2023); *Carter v. State*, No. 21-0909, 2023 WL 3397451, at *1 (Iowa May 12, 2023); *Wagner v. State*, No. 22-1625, 2024 WL 1295494, at *2 (Iowa Ct. App. Mar. 27, 2024); *Christiansen v. Eral*, No. 22-1971, 2024 WL 108848, at *3 (Iowa Ct. App. Jan. 10, 2024).

Plaintiff argues that Defendant Thomas Garcia "waived" his right to rely on *Burnett*.  [ECF No. 38-1 at 12].  This waiver claim is wholly unpersuasive because a party may raise a defense of failure to state a claim at trial.  *See Galanakis v. City of Newton, Iowa*, 4:23-cv-00044-SHL-SBJ, 2024 WL 606235, at *12 (S.D. Iowa Feb. 8, 2024) (explaining that *Burnett* is grounds for a failure to state a claim defense, which can be raised "'at the latest at trial on the merits' without waiving it") (quoting Fed. R. Civ. P. 12(h)(2)).  The waiver argument is even less convincing because *Godfrey* claims were not viable at the time the Amended Complaint was filed.

In light of this unambiguous case law on *Godfrey* claims, the Court dismissed Count VI and Count VII in a concurrently-filed order on Defendants' motions for summary judgment.  In this Order, the Court addresses its concerns regarding the lack of validity of *Godfrey* claims at the time they were asserted, and Plaintiff's response when this was raised by Defendants. Rule 11 of the Federal Rules of Civil Procedure provides,

> [b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(2). As discussed above, *Godfrey* claims were foreclosed by the Iowa Supreme Court over a month before the Amended Complaint was filed. It is true that Plaintiff filed a petition in state court with similar claims pre-*Burnett*. [ECF No. 1-1]. However, after *Burnett* was issued, Plaintiff filed the Amended Complaint with leave of the court. The Amended Complaint made superficial changes to the caption and venue section; added the names of three officers previously identified as "John/Jane Doe"; and included an eleventh count for battery. [ECF No. 9]. No amendment was proposed or sought to remove the claims based on *Godfrey*.

Although plaintiffs have occasionally argued that *Burnett* does not apply retroactively, the Iowa Supreme Court summarily dismissed other claims predicated on *Godfrey* shortly after *Burnett*. *See Venckus*, 990 N.W.2d at 812 ("For the reasons stated in *Burnett*, we conclude that [*Godfrey*] claims are not available"); *Harkrider*, 990 N.W.2d at 652 ("For the reasons set forth in *Burnett*, *Godfrey* has been overruled. White's constitutional tort claims thus cannot proceed."); *Carter*, 2023 WL 3397451, at *1 ("As explained in *Burnett*, we overruled *Godfrey* as demonstrably erroneous and unworkable in practice. Carter's constitutional tort claims therefore cannot proceed."). *Venckus*, *Harkrider*, and *Carter* were all issued within two weeks of *Burnett*, and before Plaintiff filed the Amended Complaint.

In response to Defendants' motions for summary judgment, Plaintiff argues that Officer Garcia "consents to the Iowa Constitution claims being heard by addressing the merits in his brief." [ECF No. 38-1 at 12]. For the reasons noted earlier, this waiver argument is without merit because a defense of failure to state a claim is available until a trial on the merits. Fed. R. Civ. P. 12(h)(2).

This is not, as Plaintiff implies in her resistance, a Rule 15(b)(2) issue where a court can consider an issue raised and considered in a motion for summary judgment as if that issue had been pled. [ECF No. 38-1 at 12] (citing *Gerling v. City of Hermann, Mo.*, 2 F.4th 737, 742 (8th Cir. 2021) (explaining that where parties brief a specific issue or claim, which is then treated by a district court as if it were pled, the complaint is considered "implicitly amended to conform to the proof")). The Amended Complaint is not "implicitly amended" by Defendant's perplexing choice to argue that Officer Garcia was entitled to qualified immunity on the non-existent cause of action. *See also Galanakis*, 2024 WL 606235, at *12 (holding that a *Burnett* argument was not waived even though it was "unclear" why the defendants only argued that they were entitled to qualified immunity).

Parties to a case may not create a cause of action through merits briefing of a claim that is not actionable. Even more so when the cause of action is one for a state constitutional violation which has very recently been rejected by the state's highest court. When considering a state law claim, a federal court is "bound by the decisions of the state's highest court." *N. Oil & Gas, Inc. v. EOG Resources, Inc.*, 970 F.3d 889, 892 (8th Cir. 2020) (citation omitted). The *Burnett* court rejected an assertion that relief for a state constitutional tort should be available "through a quasi-judicial, quasi-legislative process not approved by our constitution or foreseen by its framers." *Burnett*, 990 N.W.2d at 307.

*Godfrey* claims were foreclosed at the time the Amended Complaint was filed. It would be a very novel application of waiver to allow a claim to proceed to the merits when it was not a viable cause of action at the time it was pled. Plaintiff offers no case law to support such a proposition. Her persistence in asserting these claims in the face of clear and unanimous case law raises the issue of whether they "are warranted by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(b)(2). The brief mention in her resistance to Officer Garcia's motion for summary judgment does not shed light on the question either.

Accordingly, Plaintiff is DIRECTED to file a response by **September 30, 2024**. The response shall expound on the legal basis for Count VI and Count VII of the Amended Complaint in light of the Iowa Supreme Court's decision in *Burnett*. Plaintiff shall identify any relevant legal authority that supports the position advanced in her resistance that *Godfrey* claims remain viable after *Burnett* if a defendant addresses the merits of a claim. This response may also include any other legal argument or authority which will help guide an analysis regarding compliance with Rule 11 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated this 22nd day of August, 2024.

STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT